IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| BUSHEL INC. | ) |
| | ) |
| Plaintiff, | )  CIVIL ACTION NO.: |
| | ) |
| v. | ) |
| | ) |
| BUSHEL PLUS LTD., and | )  **JURY TRIAL DEMANDED** |
| BUSHEL PLUS (US), INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff Bushel Inc. ("Plaintiff" or "Bushel"), for its Complaint against Bushel Plus Ltd. and Bushel Plus (US), Inc. ("Defendants" or "Bushel Plus") alleges as follows:

## NATURE OF THE ACTION

1. In this action, Plaintiff seeks injunctive relief and damages for acts of trademark infringement and unfair competition committed by Defendants in offering and selling goods and services under a trademark that is confusingly similar to and likely to be confused with Plaintiff's BUSHEL trademarks, for registration, use of, and conducting business under a corporate name that is deceptively similar to that of Plaintiff and for engaging in unlawful and deceptive sales and advertising practices. Defendants' acts violate the laws of the United States as well as the statutory and common laws of the State of North Dakota. In particular, this case arises under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), the North Dakota Unlawful Sales or Advertising Act, N.D.C.C. § 51-15-01 et seq., the North Dakota Business Corporation Act, Act, N.D.C.C. § 10-19.1 et seq., and the common law of the State of North Dakota.

## PARTIES

2. Plaintiff Bushel Inc. is a corporation duly organized under the laws of Delaware on or about November 4, 2019, having a principal place of business at 503 7th Street North, Suite 300, Fargo, ND 58102. Bushel Inc. registered as a foreign corporation with the North Dakota Secretary of State on or about November 15, 2019.

3. Bushel Inc. is the successor in interest to Myriad Mobile, LLC, formed under the laws of North Dakota on or about February 6, 2015.

4. Bushel offers agricultural products and services including the grain industry's first automated mobile app platform that provides real-time, actionable information to growers, and tools for elevators and growers to easily work together. It tracks, manages, and reports on a variety of data to growers concerning their crops and growing practices, and the functionality of the software and categories of data included are continuously being developed and expanded upon by Bushel.

5. Upon information and belief, Defendant Bushel Plus (US), Inc. is a corporation duly organized under the laws of Delaware on or about September 28, 2023, having a principal place of business at 44 Limestone Road E., Unit B, Brandon, Manitoba, R7A, Canada. Bushel Plus registered as a foreign corporation with the North Dakota Secretary of State on or about December 4, 2023.

6. Upon information and belief, Defendant Bushel Plus Ltd. is a limited liability company organized under the laws of Canada having a principal place of business at 44 Limestone Road E., Unit B, Brandon, Manitoba, R7A, Canada.

7. Upon information and belief, Defendants offer agricultural products and services

including a downloadable software app for use on mobile devices for analyzing, tracking, and reporting certain data related to agricultural crops and harvesting operations, and Defendants' products and services are marketed and sold to growers in the grain industry.

## JURISDICTION AND VENUE

8. This is a civil action arising under the Lanham Act, 15 U.S.C. § 1051 et seq., particularly 15 U.S.C. § 1114(1) for trademark infringement, and 15 U.S.C. § 1125(a) for false designation of origin, false or misleading description or representation, and related unfair competition. Plaintiff also asserts under the statutory and common laws of North Dakota claims for trademark infringement and unfair competition, unlawful or deceptive sales and advertising practices, and unlawful use of a deceptively similar corporate name. This Court has subject matter jurisdiction over the federal causes of action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 15 U.S.C. §1121(a). This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a).

9. This Court has personal jurisdiction over the Defendants because, upon information and belief, the Defendants have transacted and continue to transact business in the State of North Dakota, their tortious conduct has taken place and continues to take place in North Dakota, and/or they regularly solicit and promote their business in North Dakota, and their acts are causing tortious injury in North Dakota.

10. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) and (c) because this is the judicial district where (i) a substantial part of the events or omissions giving rise to the claim(s) occurred; and (ii) Defendants are subject to personal jurisdiction.

## FACTS

## BUSHEL AND ITS TRADEMARKS

11. Bushel's predecessor in interest (Myriad) was founded in 2015 and merged into Bushel Inc. on or about November 11, 2019, with Bushel assuming ownership of all trademark rights owned by Myriad (Myriad and Bushel individually and collectively are referred to herein as "Bushel") and Bushel offers agricultural products and services including the grain industry's first automated mobile app platform that provides real-time, actionable information to growers, and tools for elevators and growers to easily work together. It tracks, manages, and reports on a variety of data to growers concerning their crops and growing practices, and the functionality of the software and categories of data included are continuously being developed and expanded upon by Bushel.

12. Since at least as early as June of 2017, Bushel has promoted and offered its goods and services in North Dakota and elsewhere under the distinctive trademark BUSHEL.

13. Since at least as early as August 2017, Bushel has used the BUSHEL mark in interstate commerce in connection with its software services, including its Platform-as-a service (PaaS) services, and since at least as early as February of 2018, Bushel has used the BUSHEL mark in interstate commerce in connection with its downloadable and mobile software applications.

14. On May 30, 2017, Bushel applied to register the BUSHEL word mark with the United States Patent and Trademark Office ("USPTO"). Registration was granted on July 24, 2018. Attached at Exhibit A is a true and correct copy of United States Trademark Registration No. 5525971 for the BUSHEL mark. This registration is valid, subsisting, and in full force and

effect and Plaintiff's right to use the registered mark is now incontestable under 15 U.S.C. § 1065.

15. On March 18, 2019, Bushel applied to register the BUSHEL and Design (logo) with the USPTO. Registration was granted on September 24, 2019. Attached at Exhibit B is a true and correct copy of United States Trademark Registration No. 5867843 for the BUSHEL and Design mark. This registration is valid, subsisting, and in full force and effect and Plaintiff's right to use the registered mark is now incontestable under 15 U.S.C. § 1065. Together, the BUSHEL and BUSHEL and Design marks shall be referred to as the "Bushel Marks."

16. In addition to the Bushel Marks, Bushel or its wholly owned subsidiaries own rights in and have used or intend to use a variety of trademarks that include the term "bushel," including the marks BUSHELBID, BUSHEL TRADE, BUSHEL FULFILLMENT, BUSHEL WEBSITE, BUSHEL INSIGHTS, BUSHEL PRODUCTION, BUSHEL SOLUTIONS, BUSHEL PASSPORT, BUSHEL LINK, BUSHEL MOBILE, BUSHEL FARM, and BUSHEL WALLET (the foregoing, together with the Bushel Marks, the "Bushel Family of Marks").

17. Bushel markets and distributes its goods and services under the BUSHEL Marks through its own sales force, promotional materials, catalogs, and similar types of printed literature, industry publications, online advertising, through use of the BUSHEL Marks on or in connection with its goods and services, by means of participation and sponsorship of events, word-of-mouth, and via the Internet through its website at <www.bushelpowered.com> and social media pages on Facebook and LinkedIn.

18. Bushel promotes and markets its goods and services under the BUSHEL Marks in the state of North Dakota and throughout the United States, and its website at <www.bushelpowered.com> is accessible from anywhere in the United States.

19. Since its inception, Bushel has spent significant time, effort and money on advertising and promoting its goods and services under the BUSHEL Marks and has generated significant sales and revenue from its BUSHEL branded goods and services.

20. As a result of its promotional efforts and widespread use of the BUSHEL Marks, Plaintiff has successfully developed substantial recognition among the consuming public for its goods and services sold under the BUSHEL Marks and has developed and enjoys valuable goodwill associated with the BUSHEL Marks and goods and services offered thereunder.

## BUSHEL PLUS'S ACTIVITIES AND INFRINGEMENT

21. Upon information and belief, Defendants adopted and began using the mark BUSHEL PLUS (the "Infringing Mark") in Canada in connection with agricultural combine drop pans, between March 2017 and July 2017. Upon information and belief, use of the Infringing Mark in the United States did not commence until sometime in 2018, which is subsequent to Bushel's adoption and use of the BUSHEL Marks in interstate commerce, and/or after Bushel's filing date for the BUSHEL trademark application at the USPTO.

22. Subsequent to Bushel's adoption and use of the BUSHEL Marks in commerce, upon information and belief, Defendants commenced use of the Infringing Mark in the United States in connection with a mobile software app for use with the combine drop pan, in November 2018.

23. Upon information and belief, the goods and services offered by Defendants under the Infringing Mark include (a) a downloadable software app for use on mobile devices, working with a combine drop pan to analyze, track, and report certain data related to agricultural crops and harvesting operations, and is directed to growers in the grain industry, (b) other agricultural

6

hardware and devices, including concaves, grain shaker boxes, and portable, electronic mini combines, and (c) comprehensive agriculture educational and training services. Such goods and services are identical, in part, to Bushel's goods and services, and to the extent that they are not identical, they are closely-related.

24.     Upon information and belief, Defendants conduct business, render and promote their goods and services under the Infringing Mark in North Dakota; their websites at <bushelplus.com> and <bushelplus.ca> are accessible from anywhere in the United States. Upon information and belief, to the extent certain of Defendants' goods and services have not been provided in the United States, the Defendants intend to expand all of their goods and services to the United States, and have provided some services in Canada to U.S. consumers.

25.     Upon information and belief, Defendants' marketing and trade channels are virtually identical to those utilized by Plaintiff.

26.     Upon information and belief, in addition to other marketing and trade channels, Defendants use numerous distributors throughout the U.S., including in North Dakota, to market and sell its goods and services. According to Defendants' website at <bushelplus.ca> named distributors, for North Dakota specifically, include SI Distributing, Titan Machinery, and Gooseneck Implement. According to Defendants' website at <bushelplus.ca> additional distributors in the United States include Togerson's, Greenway Equipment, and American Implement.

27.     Upon information and belief, Defendants' goods and services are marketed to a consumer base that overlaps with that of Plaintiff, and to many of the same customers as those to whom Plaintiff markets its goods and services, in the same geographic areas.

28. On December 12, 2019, Defendant Bushel Plus Ltd. filed US Trademark Application Serial No. 88724947 for the BUSHEL PLUS & Design trademark, which Application is currently suspended in the United States Patent and Trademark Office.

29. Upon information and belief, Defendants have adopted and have used or currently use multiple design or logo marks that incorporate the BUSHEL PLUS word components, including those depicted below:







30. Upon information and belief, Defendants are well-aware and have been well-aware of Bushel's rights in and to the Bushel Marks since at least as early as June of 2020.

31. Defendants' use in commerce of the Infringing Mark is designed to and has created a situation where confusion is not only likely but inevitable. Both Plaintiff and Defendants have come, over time, to use nearly identical marks and company names in connection with identical, or closely-related services, to the same customers, using the same marketing channels, in the same geographic areas.

32. Upon information and belief, actual confusion is already occurring in the marketplace. For instance, in 2023, Bushel's co-founder unknowingly had a meeting with a grain company who had apparently intended to set up a meeting with Bushel Plus.

33. Upon information and belief, the above-mentioned instance of confusion is not isolated; further instances of actual confusion are occurring in the marketplace. For example, in September of 2023, Bushel was contacted by a representative of the publication Agweek to discuss Bushel's attendance at the Big Iron show in West Fargo. Bushel had to explain that it was Bushel Plus attending the show.

34. Defendants' use of the Infringing Mark and corporate name is without consent, permission, authorization, or license from Bushel.

35. Defendants' willful and ongoing use of the Infringing Mark and corporate name is not only likely, but certain, to cause confusion as to source, sponsorship, association, or affiliation between Plaintiff and Defendants, and the parties' respective services, and to cause consumers to believe mistakenly that Defendants' services are those of Plaintiff, or are sponsored, authorized,

licensed or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public.

## COUNT I
## FEDERAL TRADEMARK INFRINGMENT, 15 U.S.C. § 1114(1)

36.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 35 above as if fully set forth herein.

37.  Defendants' acts complained of herein constitute infringement of Plaintiff's registered BUSHEL Marks, in violation of 15 U.S.C. §1114(1).

38.  Defendants' unauthorized use of "BUSHEL" and "BUSHEL PLUS", operation of their websites <bushelplus.com> and <bushelplus.ca>, use of their corporate name, promotion, sale and provision of their goods and services, are all likely to cause confusion, cause mistake and/or deceive the relevant public, including consumers and potential customers of the parties' respective goods and services, at least as to affiliation, connection or association of Defendants with Plaintiff or to the origins, sponsorship or approval of Defendants by Plaintiff.

39.  The conduct of Defendants complained of herein unjustly enriches Defendants at Plaintiff's expense.

40.  The conduct of Defendants complained of herein is likely to injure Plaintiff's business reputation.

41.  As a result of Defendants' infringement of the registered BUSHEL Marks, Plaintiff incurred and continues to incur damages, consisting of among other things, diminution in the value and goodwill associated with the registered BUSHEL Marks.

42.  Unless the acts of the Defendants are enjoined by this Court, they will continue to cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

43. As a direct and foreseeable consequence of the actions alleged herein, Defendants are liable to Plaintiff for the actual damages incurred as a result of the infringement. Said damages are not yet ascertainable but will be proven at the time of trial.

44. Upon information and belief, Defendants' acts complained of herein have been deliberate, willful, intentional, and in bad faith, with full knowledge and in conscious disregard of Plaintiff's rights in the BUSHEL Marks, and with the intent to trade on Plaintiff's goodwill in the BUSHEL Marks. In view of the nature of Defendants' infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II
## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT, 15 U.S.C. § 1125(A)

45. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 44 above as if fully set forth herein.

46. Defendants intentionally have used, and upon information and belief, will continue to use in commerce the Infringing Mark, which use is likely to cause confusion, mistake, or deception as to the source or origin of Defendants' and/or Plaintiff's goods and services. Specifically, Defendants' use of the Infringing Mark with goods and services that are identical or at least closely related to the goods and services of Plaintiff, is likely to cause consumers to believe mistakenly that Defendants' goods and services are connected or associated with, sponsored, authorized, approved, or endorsed by Plaintiff, all to Defendants' profit and to Plaintiff's detriment.

47. Defendants, in misappropriating Plaintiff's BUSHEL Marks and in using the confusingly similar Infringing Mark in commerce in connection with Defendants' goods and services, are misrepresenting, and have misrepresented, and are falsely and misleadingly

describing, and have falsely and misleadingly described, the origin and source of their services.

48. Defendants' aforesaid acts violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) in that use of a mark likely to cause confusion with Plaintiff's BUSHEL Marks in connection with Defendants' goods and services in interstate commerce constitutes a false designation of origin and/or false or misleading description or representation and unfair competition.

49. Defendants' acts have damaged Plaintiff and unlawfully enriched and benefited Defendants in amounts to be determined at trial.

50. Defendants' acts have caused irreparable harm and injury to Plaintiff and Plaintiff's goodwill and reputation, and unless restrained by this Court such activities will continue, and Plaintiff will continue to suffer irreparable harm and injury. As a result, Plaintiff is without an adequate remedy at law.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

51. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 50 above as if fully set forth herein.

52. Defendants' acts in promoting, offering, selling, and providing goods and services that are identical or closely-related to, or substantially the same character as, the goods and services of Plaintiff, under a trademark that is confusingly similar to Plaintiff's preexisting BUSHEL Marks, constitute common law trademark infringement and create in consumers' minds confusion and the impression that Plaintiff is responsible for and/or associated with the quality and performance of Defendants' services, or is otherwise connected to the Defendants.

53. Defendants' use of the confusingly similar Infringing Mark constitutes a use of Plaintiff's BUSHEL Marks, without Plaintiff's consent, in connection with goods and services

over which Plaintiff has no control. Such acts will materially damage the reputation of Plaintiff and the goodwill that Plaintiff has accrued in its BUSHEL Marks.

54. Defendants' acts have been willful and wanton, with the purpose of intentionally capitalizing on the goodwill associated with the BUSHEL Marks.

55. Defendants' acts have damaged Plaintiff and unlawfully enriched and benefited Defendants in amounts to be determined at trial.

56. Defendants' acts have caused irreparable harm and injury to Plaintiff and Plaintiff's goodwill and reputation, and unless restrained by this Court such activities will continue, and Plaintiff will continue to suffer irreparable harm and injury. As a result, Plaintiff is without an adequate remedy at law.

## COUNT IV
## DECEPTIVE ACTS AND PRACTICES UNDER NORTH DAKOTA LAW

57. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 56 above as if fully set forth herein.

58. Under the North Dakota Unlawful Sales or Advertising Act, N.D.C.C. § 51-15-01 et seq., "[t]he act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby," is unlawful.

59. Under the Act, the term "merchandise" is defined as including "services."

60. Defendants' intentional, knowing and willful misappropriation of the BUSHEL Marks, and its intentional, knowing and willful use of the confusingly similar Infringing Mark in connection with the sale and advertisement of Defendants' goods and services, constitute deceptive

acts or practices within the meaning of and in violation of N.D.C.C. § 15-15-02.

61.     On account of the aforesaid acts, Defendants have knowingly misrepresented to consumers, created a likelihood of confusion, and caused consumers to believe that there is a connection or association between Defendants and Plaintiff, between the parties' goods and services, and/or that Defendants and Defendants' goods and services are sponsored, endorsed or approved by Plaintiff.

62.     Defendants have knowingly engaged in this conduct, with the intent that others rely thereon in connection with the sale and advertisement of Defendants' goods and services.

63.     Upon information and belief, Defendants have acquired money by means of these deceptive acts from consumers who used Defendants' goods or services and who, on account of Defendants' use of the Infringing Mark, were confused about the source of Defendants' goods and services.

64.     Defendants' acts have damaged Plaintiff and unlawfully enriched and benefited Defendants in amounts to be determined at trial.

65.     Defendants' acts have caused irreparable harm and injury to Plaintiff and Plaintiff's goodwill and reputation, and unless restrained by this Court such activities will continue, and Plaintiff will continue to suffer irreparable harm and injury.  As a result, Plaintiff is without an adequate remedy at law.

## COUNT V
## UNLAWFUL USE OF A CORPORATE NAME UNDER NORTH DAKOTA LAW

66.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 65 above as if fully set forth herein.

67.     Under the North Dakota Business Corporation Act, N.D.C.C. § 10-19.1 et seq., a

corporate name "may not be the same as, or deceptively similar to: (1) the name, whether foreign and authorized to do business in this state or domestic, unless there is filed with the articles a record which complies with section 3, of: (a) Another corporation or (b) A corporation incorporated or authorized to do business in this state under another chapter of this code".

68. Defendants' corporate names are deceptively similar in sight, sound and meaning to Plaintiff's corporate name, which constitutes a violation of N.D.C.C. § 10-19.1-13.

69. Plaintiff has an interest in preventing a competing business from conducting business in the State of North Dakota under a corporate name that is likely to deceive consumers into believing that there is a connection, association, or affiliation between Plaintiff and Defendants and/or that Defendants' services offered under or in connection with the corporate name are connected to, associated or affiliated with, or are authorized, sponsored, or endorsed by Plaintiff.

70. Defendants' acts have damaged Plaintiff and unlawfully enriched and benefited Defendants in amounts to be determined at trial.

71. Defendants' acts have caused irreparable harm and injury to Plaintiff and Plaintiff's goodwill and reputation, and unless restrained by this Court such activities will continue, and Plaintiff will continue to suffer irreparable harm and injury. As a result, Plaintiff is without an adequate remedy at law.

### COUNT VI
### COMMON LAW UNFAIR COMPETITION

72. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 71 above as if fully set forth herein.

73. Defendants' acts, conduct, and practices described above, including without

limitation the use of the Infringing Mark and deceptively similar corporate names in connection with the promotion, sale, or licensing of goods and services in North Dakota, constitute unfair methods of competition and/or unfair and deceptive acts of practices, which are unlawful under North Dakota common law principles.

74. As a direct and proximate result of Defendants' acts, conduct, and practices described above, Plaintiff has been damaged and will continue to be damaged.

## **PRAYERS FOR RELIEF**

WHEREFORE, Bushel respectfully requests that this Court:

A. Adjudge that Defendants has competed unfairly, by falsely and intentionally misleading consumers, and directly or indirectly representing, that Defendants' goods and services are connected to, associated or affiliated with, sponsored or endorsed by Plaintiff, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1051 et seq.;

B. Adjudge that Plaintiff's trademark rights have been infringed as a direct and proximate result of the acts of the Defendant as set forth in this Complaint, in violation of Plaintiff's rights under the common laws of the State of North Dakota;

C. Adjudge that Defendants have engaged in deceptive sales and advertising acts and practices, in violation of the statutory laws of the State of North Dakota;

D. Adjudge that Defendants conducting business under a corporate name that is deceptively similar to the Plaintiff's registered corporate name, are in violation of the statutory laws of the State of North Dakota;

E. Enter Permanent Injunction Orders that enjoin and restrain Defendants, their officers, directors, employees, agents, servants, attorneys, successors, assigns, and all in privity with any of them and/or in active concert or participation therewith, from:

    (1) using, registering, or attempting to register the Infringing Mark, any derivative thereof, or designation or trademark similar thereto, in connection with the offering and sale of any goods or services, including but not limited to the offering and sale of any goods or services related to the agricultural software or technology fields;

    (2) using and conducting business in North Dakota under Bushel Plus (US), Inc. and Bushel Plus Ltd., or any name deceptively similar to that of Plaintiff;

    (3) engaging in deceptive sales and advertising practices;

    (4) engaging in any other act or conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to source, or to the affiliation, connection, association, origin, sponsorship or approval of Defendants' services or other activities with or by Plaintiff; and

    (5) otherwise infringing upon Plaintiff's trademarks, unfairly competing with Plaintiff in any manner whatsoever, and injuring Plaintiff's reputation and goodwill;

  F. Require that Defendants deliver up for destruction all promotional materials, signage, packaging, advertisements and any other written, printed or tangible materials bearing the Infringing Mark, or anything similar thereto;

  G. Require that Defendants file Articles of Amendment with the Office of the Secretary of State of North Dakota, amending the name of Bushel Plus (US). Inc. to an alternative name that is not deceptively similar to Plaintiff's Bushel Inc. name;

  H. Require that Defendant cease any and all use of the <bushelplus.com> and <bushelplus.ca> domain names or any other domain name using "bushel" or "bushelplus";

I. Order Defendants to account for, and to pay over to Plaintiff, all gains, profits and advantages derived by Defendants from the above-described wrongful acts;

J. Order the United States Patent and Trademark Office to invalidate and reject registration of U.S. Trademark Application Serial No. 88/724,947 for the mark "BUSHEL PLUS OPTIMIZE YOUR COMBINE & Design" owned by Defendant Bushel Plus Ltd.

K. Award monetary damages sustained by Plaintiff as a result of Defendants' unlawful conduct, in an amount to be proven at trial;

L. Award Plaintiff multiple damages, as allowed by federal and North Dakota state laws;

M. Award Plaintiff the costs of this action and reasonable attorneys' fees incurred in this action, as provided for under federal and North Dakota state laws;

N. Permit Plaintiff to recover both pre-judgment and post-judgment interest on each and every award; and

O. Grant such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

BUSHEL INC.

By its attorneys,

Dated: October 21, 2024

*/s/ Miguel C. Danielson*
Miguel C. Danielson (#07780)
DANIELSON LEGAL LLC
1531 32nd Ave S, Ste 102
Fargo ND 58103
Tel: (701) 540-5913
Fax: (888) 742-8097
miguel@danielsonlegal.com